UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO PEREZ VELAZQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF FORT DIX,<br><br>Respondent. | Civil Action No. 23-136 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner Pedro Perez Velazquez's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF Nos. 1, 6.) Following an order to answer, the Government filed responses to the amended petition (ECF Nos. 5, 8), to which Petitioner replied. (ECF Nos. 9-10.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his amended petition, Petitioner sought to be declared eligible to receive and apply additional credits towards his release into a residential re-entry center pursuant to the First Step Act, which he believed he was being improperly denied. (*Id.*; ECF Nos. 6, 9-10.) The Government opposed the petition, arguing that Petitioner had already been awarded the appropriate number of credits and was being processed for release into a residential re-entry facility in the ensuing months. (ECF No. 8.)

Publicly available information posted to the Federal Bureau of Prisons inmate locator system indicates that Petitioner was ultimately released from BOP custody on April 19, 2024, while this matter was pending. It thus appears that Petitioner either did receive the residential re-entry placement he desired or was outright released during the pendency of this matter, and that no further award of credits would be of any benefit to Petitioner.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As it appears that Petitioner has been released and can no longer receive the benefit of the FSA credits he sought in this matter, his petition may well be moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. The Government shall therefore provide this Court with an update as to Petitioner's detention status within seven days and shall further advise the Court of whether the Government would now contend that this matter has become moot. Petitioner may thereafter file a response within seven days of the Government's filing.

**IT IS THEREFORE** on this 31st ___ day of May, 2023,

**ORDERED** that the Government shall provide the Court with an update as to Petitioner's current detention status within seven days; the Government's response shall both address whether Petitioner has been released from BOP custody and whether the Government believes this matter is now moot; and it is further

**ORDERED** that Petitioner may file a response within seven days of the Government's filing; and it is finally

2

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail.

Hon. Karen M. Williams,
United States District Judge

3