UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO PEREZ VELAZQUEZ,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN OF FORT DIX,<br><br>            Respondent. | Civil Action No. 23-136 (KMW)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court on Petitioner Pedro Perez Velazquez's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF Nos. 1, 6.) Following an order to answer, the Government filed responses to the amended petition (ECF Nos. 5, 8), to which Petitioner replied. (ECF Nos. 9-10.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his amended petition, Petitioner sought to be declared eligible to receive and apply additional credits towards his release into a residential re-entry center pursuant to the First Step Act, which he believed he was being improperly denied. (*Id.*; ECF Nos. 6, 9-10.)

      On May 31, 2024, this Court issued an order directing the Government to update the Court as to Petitioner's status as it appeared he had been released from BOP custody. (ECF No. 13.) On June 6, 2024, the Government filed its response. (ECF No. 14.) In that response, the Government informs the Court that Petitioner was released into a residential reentry facility in March 2024, and was thereafter released from BOP custody on April 19, 2024. (*Id.*) The Government therefore contends that this matter should be dismissed as moot as Petitioner no longer has a concrete injury which this Court can address. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner has been released from BOP custody and can no longer receive the benefit of the FSA credits he sought in this matter, and in any event can no longer be released earlier into a residential facility in light of his transfer to such a facility and ultimate release, his petition is clearly moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Petitioner's amended petition must therefore be dismissed without prejudice as moot.

**IT IS THEREFORE** on this 7th day of June, 2024,

**ORDERED** that Petitioner's amended habeas petition (ECF No. 1, 6) is **DISMISSED WITHOUT PREJUDICE** as moot; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge